IN THE

# United States Court of Appeals

FOR THE FEDERAL CIRCUIT

---

Case No. 21-147

---

IN RE: APPLE INC.,
*Petitioner.*

---

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 6:20-cv-00665-ADA, Hon. Alan D. Albright

---

**MOTION OF UNIFIED PATENTS, LLC FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF APPLE INC.'S PETITION FOR WRIT OF MANDAMUS**

---

Jonathan Stroud
UNIFIED PATENTS, LLC
P.O. Box 53345
Washington, DC 20009
(202) 805-8931

Yusuf Esat
JENNER & BLOCK LLP
353 N. Clark St
Chicago, IL 60654
(312) 222-9350

Adam G. Unikowsky
Alexander J. Hadjis
Krystalyn Kinsel
JENNER & BLOCK LLP
1099 New York Ave. NW Suite 900
Washington, DC 20001
(202) 639-6000

Counsel for *Amicus Curiae* Unified Patents, LLC

# CERTIFICATE OF INTEREST

**(1) The full name of every entity represented in the case by the counsel filing the certificate.**

Unified Patents, LLC

**(2) For each entity, the name of every real party in interest, if that entity is not the real party in interest.**

None/not applicable.

**(3) For each entity, that entity's parent corporation(s) and every publicly held corporation that owns ten percent (10%) or more of its stock.**

Parents:
UP HOLDCO INC.
Unified Patents Holdings, LLC
Unified Patents Acquisition, LLC
Unified Patents Management, LLC

No such public companies

**(4) The names of all law firms, partners, and associates that have not entered an appearance in the appeal, and (A) appeared for the entity in the lower tribunal; or (B) are expected to appear for the entity in this court.**

None/not applicable.

**(5) Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.**

None/not applicable.

**(6) All information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.**

None/not applicable.

Pursuant to Fed. Cir. R. 21(e), Unified Patents, LLC files this motion for leave to file a brief as *amicus curiae* in support of the petitions for rehearing en banc. Petitioner-Defendant Apple, Inc. consents to the filing of this brief, while Plaintiff Koss Corporation has not notified *amicus curiae* of its position.

Federal Circuit Rule 21(e) states that "[a]n amicus curiae brief supporting a petition [for a writ of mandamus] must be accompanied by a motion for leave to file" and that "Federal Rules of Appellate Procedure 29(a)(3) and 29(a)(4) apply to the motion and brief." Under Federal Rule of Appellate Procedure 29(a)(3), a motion for leave to file an amicus brief must state "the movant's interest"; and "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case."

### A. Movant's interest.

Unified Patents, LLC (Unified) is a membership organization. Its more than 250 members include Fortune 500 companies, startups, automakers, open-source developers, high-technology companies, industry groups, cable companies, banks, manufacturers, and cybersecurity companies.

Unified studies the ever-evolving business models, financial backings, and practices of NPEs. Unified monitors ownership data, litigation financing, secondary-market patent sales, demand letters, post-grant procedures, and patent litigation to track NPE activity. *See, e.g.*, Unified Patents, Q1 2021 Patent Dispute

Report, ("Unified Q1 Patent Report") *available at* https://www.unifiedpatents.com/insights/2021/3/31/q1-2021-patent-dispute-report.

Unified has also studied the rapid transformation of the Western District of Texas into the leading patent litigation venue in the United States. *See* Unified Patents, The Rise of the Super NPE and the Western District of Texas (Jul. 13, 2020) ("West Texas Report") *available at* https://www.unifiedpatents.com/insights/2020/7/13/the-rise-of-the-super-npe.

Unified acts and litigates independently from its members, including Apple, or any other company. *See, e.g.*, *Unified Patents, LLC. v. Uniloc USA, Inc. et al.*, IPR2018-00199 Paper No. 33, 10 (PTAB May 31, 2019) (Unified members not real parties in interest to *inter partes* reviews filed by Unified); *id.* (collecting PTAB decisions).

Unified also has an interest in this case because it concerns a motion for transfer under 28 U.S.C. § 1404(a) — a provision on which Unified's members rely to ensure that cases can be adjudicated efficiently and fairly. Many of Unified's members have offices and facilities located around the world. And many of Unified's member companies have a principal place of business in one district and facilities in another. Unified's members have an interest in avoiding litigation in inconvenient locations with no meaningful relationship to a particular dispute.

## B. Why an amicus brief is desirable and relevant.

"Even when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.). "Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." *Id.* (quotation marks and citation omitted).

In this case, Unified's proposed amicus brief fulfills all three of these functions. First, Unified has "particular expertise." *Id.* Unified's mission is to study patent litigation, and it has specifically studied the rapid transformation of the Western District of Texas into the leading patent litigation venue in the United States.

Second, Unified argues "points deemed too far-reaching for emphasis by a party intent on winning a particular case." *Id.* In addition to addressing the facts of this case, Unified's brief explains why the district court's decision, if followed by other courts, will have farther-reaching impact.

Third, Unified "explain[s] the impact a potential holding might have on an industry or other group." *Id.* Again, Unified's brief addresses the practical implications of the district court's decision in future cases.

## CONCLUSION

The motion for leave to file an amicus brief in support of the petition for writ of mandamus should be granted.

Dated: May 24, 2021                                         Respectfully submitted,

|  |  |
|---|---|
| Jonathan Stroud<br>UNIFIED PATENTS, LLC<br>P.O. Box 53345<br>Washington, DC 20009<br>(202) 805-8931<br><br>Yusuf Esat<br>JENNER & BLOCK LLP<br>353 N. Clark St<br>Chicago, IL 60654<br>(312) 222-9350 | /s/ Alexander J. Hadjis<br>Adam G. Unikowsky<br>Alexander J. Hadjis<br>Krystalyn Kinsel<br>JENNER & BLOCK LLP<br>1099 New York Ave. NW Suite 900<br>Washington, DC 20001<br>(202) 639-6000<br><br>Counsel for *Amicus Curiae* Unified Patents, LLC |

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. Cir. R. 21(e) because the motion contains 654 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman Font.

/s/ Alexander J. Hadjis

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2021 a true and correct copy of the foregoing Motion was served via the court's CM/ECF system.

A copy of the foregoing will be served upon the following counsel of record and the district court judge via FedEx:

Darlene F. Ghavimi
K&L GATES LLP
2801 Via Fortuna, Suite #350
Austin, TX 78746
Telephone: (512) 482-6919
darlene.ghavimi@klgates.com

Benjamin E. Weed
Philip A. Kunz
Erik J. Halverson
Gina A. Johnson
James A. Shimota
Amanda C. Maxfield
K&L GATES LLP
Suite 3100
70 W. Madison Street
Chicago, IL 60602
Telephone: (312) 327-1121
benjamin.weed@klgates.com
philip.kunz@klgates.com
erik.halverson@klgates.com
gina.johnson@klgates.com
jim.shimota@klgates.com
amanda.maxfield@klgates.com

Peter E. Soskin
K&L GATES LLP
Suite 1200
4 Embarcadero Center
San Francisco, CA 94111
Telephone: (415) 882-8200
peter.soskin@klgates.com

Michael T. Pieja
GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Telephone: (312) 681-6000
mpieja@goldmanismail.com

Melanie L. Bostwick
Elizabeth R. Cruikshank
Monica Haymond
Orrick, Herrington & Sutcliffe LLP
1152 15th Street NW
Washington, DC 20005
Telephone: (202) 339-8400
mbostwick@orrick.com

Hon. Alan D. Albright
United States District Court for the Western District of Texas
800 Franklin Avenue, Room 301
Waco, Texas 76701
Telephone: (254) 750-1510

                                                      /s/ Alexander J. Hadjis