Miscellaneous Docket No. 21-147

IN THE
# United States Court of Appeals for the Federal Circuit

IN RE APPLE INC.,

*Petitioner.*

On Petition for Writ of Mandamus to the
United States District Court for the
Western District of Texas
No. 6:20-cv-00665-ADA, Hon. Alan D Albright

## APPLE INC.'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC

Michael T. Pieja
GOLDMAN ISMAIL TOMASELLI
  BRENNAN & BAUM LLP
200 South Wacker Drive
22nd Floor
Chicago, IL 60606

Melanie L. Bostwick
Monica Haymond
ORRICK, HERRINGTON &
  SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400

*Counsel for Petitioner*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 21-147 |
| **Short Case Caption** | In re Apple Inc. |
| **Filing Party/Entity** | Apple Inc. |

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/03/2021

Signature: /s/ Melanie L. Bostwick

Name: Melanie L. Bostwick

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Apple Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable      ☑    Additional pages attached

| See Attachment | | |
|---|---|---|
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☑    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable      ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## Attachment

**4. Legal Representatives.** List all law firms, partners, and associates that (a)appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

Goldman Ismail Tomaselli Brennan & Baum LLP: Alan E. Littmann, Doug Winnard, Samuel E. Schoenburg, Whitney Woodward, Lauren Abendshien.

Scott Douglass & McConnico: Stephen E. McConnico, Steven J. Wingard, Stephen L. Burbank, Kimberly Gustafson Bueno.

Orrick, Herrington & Sutcliffe LLP: Joseph R. Kolker.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES .................................................................. vi

STATEMENT OF COUNSEL ................................................................ 1

INTRODUCTION ................................................................................. 3

BACKGROUND ................................................................................... 4

ARGUMENT ........................................................................................ 7

    I.    The Panel Should Rehear the Case to Correct Its Misapprehensions of Fact and Law. ...................................... 7

    II.   The Court Should Rehear the Case En Banc Because the Panel's Decision Deepens a Divide in This Court's Approach to Mandamus. ...................................................... 14

CONCLUSION ................................................................................... 22

ADDENDUM

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010) .......................................................... 11

*In re Adobe Inc.*,
    823 F. App'x 929 (Fed. Cir. 2020) ................................................ 16, 21

*In re Apple Inc.*,
    818 F. App'x 1001 (Fed. Cir. 2020) ..................................................... 15

*In re Apple Inc.*,
    979 F.3d 1332 (Fed. Cir. 2020) ................................... 10, 11, 16, 19, 21

*In re Cinemark Holdings, Inc.*,
    839 F. App'x 476 (Fed. Cir. 2020) ...................................................... 15

*In re DISH Network L.L.C.*,
    No. 2021-148, 2021 WL 3574047 (Fed. Cir. Aug. 13, 2021) ............... 10

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ............................................................................ 22

*In re Google LLC*,
    855 F. App'x 767 (Fed. Cir. 2021) ...................................................... 15

*In re HP, Inc.*,
    826 F. App'x 899 (Fed. Cir. 2020) ...................................................... 19

*In re HP, Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) .............. 20

*In re Hulu, LLC*,
    No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ....... 9, 16, 20

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) .......................................................... 16

vi

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ............................................................ 17

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
  659 F.3d 1142 (Fed. Cir. 2011) ........................................................ 22

*In re Samsung Elecs. Co., Ltd.*,
  2 F.4th 1371 (Fed. Cir. 2021) .................................................. 9, 16, 21

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014) ........................................................ 19

*In re TracFone Wireless, Inc.*,
  852 F. App'x 537 (Fed. Cir. 2021) .................................................... 18

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ........................................................ 16

*In re Uber Techs., Inc.*,
  852 F. App'x 542 (Fed. Cir. 2021) ...................................................... 9

*In re Verizon Bus. Network Servs. Inc.*,
  635 F.3d 559 (Fed. Cir. 2011) .......................................................... 16

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) ............................................. 17

*In re W. Digital Techs., Inc.*,
  847 F. App'x 925 (Fed. Cir. 2021) .................................................... 15

## Statutes

28 U.S.C. § 1404(a) ............................................................... *passim*

## Other Authorities

Fed. R. App. P. 40(a)(2) ................................................................... 7

## STATEMENT OF COUNSEL

Based on my professional judgment, I believe the panel decision is contrary to at least the following precedents of this Court: *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371 (Fed. Cir. 2021); *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020); *In re Acer Am. Corp.*, 626 F.3d 1252 (Fed. Cir. 2010).

Based on my professional judgment, I believe this appeal requires an answer to at least the following precedent-setting question of exceptional importance: Whether a district court's mere application of each § 1404(a) factor precludes mandamus relief even in the face of multiple clear legal errors in the analysis.

Pursuant to Rule 40 of the Federal Rules of Appellate Procedure and this Court's rules, the following points of law or fact were overlooked or misapprehended by the panel's order: (1) The panel appears to have incorrectly believed that the district court found that Apple's employee witnesses in the proposed transferee forum are unlikely to be called at trial; (2) the panel appears to have incorrectly believed that the district court found connections between the Western District of Texas and the events that gave rise to this suit, when the

district court made no such finding; (3) the panel appears to have

overlooked the status of other co-pending lawsuits, which the panel

cited as a factor properly weighing against transfer, when in fact none

of those cases remain pending in the Western District of Texas.


*/s/Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner*

# INTRODUCTION

In a series of recent orders, some designated precedential, this Court has issued writs of mandamus in cases arising out of the Western District of Texas.  In each case, the Court deemed mandamus relief warranted based on the district court's commission of clear legal errors in denying venue transfers.  Those errors have included ignoring the convenience to whole categories of likely witnesses based on legally improper reasoning, crediting the supposed convenience of witnesses who are outside either potential forum, ignoring case-specific local interests in favor of generic ties to the transferor forum, and confusing genuine court congestion with the mere ability to set an aggressive trial schedule.

The district court committed all those errors (and more) in denying transfer here.  Yet a panel of this Court denied mandamus.  It appears the panel may have misapprehended certain key legal and factual points.  Apple respectfully asks the panel to reconsider its ruling in light of the clarifications provided in Part I below.  In the alternative, Apple seeks review by the en banc Court.  Different panels of this Court are reaching different outcomes on mandamus petitions where the same

district court has made the same clear errors in applying 28 U.S.C.
§ 1404(a). These differences are inhibiting parties' ability to make
informed decisions on litigation strategy. Apple respectfully asks the
Court to provide a uniform standard of review for § 1404(a) transfer
mandamus petitions.

## BACKGROUND

Koss, a Delaware corporation headquartered in Wisconsin, sued
Apple in the Waco Division of the Western District of Texas asserting
five patents related to audio technology allegedly used in Apple
products such as various AirPods, Beats, and HomePod. Appx45-46;
Appx120-121; Appx134-135.

Apple is a California corporation headquartered in the Northern
District of California, which is where the accused technology was
researched, designed, and developed. Appx119-121; Appx130. All of
Apple's U.S.-based engineers who are knowledgeable about the accused
products work in California, except for three individuals in Seattle,
Boston, and New York. Appx99-101; Appx121-130. As such, most of
the electronics records and paper documents concerning the accused

technology reside on computers in (or are accessible on a need-to-know basis to Apple employees in) California.  Appx121-130.

Apple also has a campus in Austin, 100 miles from the Waco courthouse and in a different division of the Western District of Texas. None of the relevant work on the accused technology—including development, engineering, marketing, and financial analysis—is performed in Austin.  Appx121; Appx130-131.  No witnesses or documentation that would likely be relevant to this patent litigation are located in or near Austin.

Because of the inconvenience of litigating this case in Texas, and the clear convenience of doing so in California, Apple sought transfer to the Northern District of California under 28 U.S.C. § 1404(a).  Apple provided sworn testimony showing that the § 1404(a) factors clearly favor transfer, particularly given the concentration of likely party and non-party witnesses in Northern California (or within its subpoena power), the presence of most documentary evidence at Apple's California headquarters, and the strong local interest of the forum where the accused technology was designed.  Pet. 8-9.

Koss, opposing transfer, relied primarily on Apple's general presence in Austin, the fact that Koss sells products in the Western District of Texas (as it does everywhere else in the country), and the presence of two non-party individuals who, as the district court acknowledged, are not likely witnesses. Pet. 9-10. Koss also relied on the fact that it had concurrently sued other defendants in the Western District of Texas—even though those cases had or have all been dismissed for improper venue or transferred to Northern California for convenience. Pet. 3-4; Reply 17.

The district court denied transfer. Pet. 11-14. Its decision was predicated on a series of clear errors, each contrary to well-established precedent from this Court and the Fifth Circuit. Apple sought a writ of mandamus, demonstrating how the district court's denial of transfer turned on multiple clear legal errors, as well as internal inconsistencies, and thus amounted to a clear abuse of discretion. Pet. 17-35; Reply 2-15.

In a brief order, a panel of this Court denied Apple's petition. Order at 3. It acknowledged that the district court had made some legal errors; "[a]mong other things," the district court "improperly diminished

the importance of the convenience of witnesses merely because they were employees of the parties." *Id.* But the panel held that Apple had not shown an entitlement to mandamus relief because "[t]he district court considered the convenience factors and explained its reasoning at length." *Id.* at 2. In summarizing that reasoning, the panel mischaracterized the district court's analysis in multiple respects, discussed below. *See infra* Part I. And it failed to acknowledge this Court's precedents holding that mandamus relief is available when a district court commits the kind of clear legal errors—indeed, sometimes the exact same legal errors—that the district court did here. *See infra* Part II. Apple seeks rehearing on both grounds.

## ARGUMENT

### I.   The Panel Should Rehear the Case to Correct Its Misapprehensions of Fact and Law.

The panel's order suggests that it overlooked or misapprehended at least three points, each of which is relevant to the appropriateness of mandamus relief in this case. The panel should grant rehearing to reconsider its order in view of the correct understanding of the facts and law. *See* Fed. R. App. P. 40(a)(2).

First, the panel appears to have misunderstood the district court's analysis of witness convenience and, based on that misunderstanding, improperly upheld the district court's decision to weigh this factor against transfer.  The panel's order states that the district court weighed the factor against transfer because "Apple appeared to rely on a number of employee witnesses within the transferee venue that were not likely to be called at trial."  Order at 2.  That is not correct.  The district court did not find that any of Apple's employee witnesses in Northern California was unlikely to be called at trial.  Indeed, the district court made no finding that called into question Apple's demonstration that each of the employees it identified had knowledge specifically relevant to the issues in dispute.  *See* Appx14-21; Pet. 5-6, 8, 18-19; Appx100-101.

Rather, the district court declared that, notwithstanding ten likely witnesses in the Northern District and three in the Southern District, their convenience was not important.  As Apple's petition explained, the district court speculated that Apple would not likely call *all* thirteen witnesses at trial, Appx17—even though, as Apple pointed out, Koss is accusing multiple distinct features of the hardware and software of

several separate product lines, and even though Apple showed how each of these employees has non-overlapping, relevant knowledge. *See* Pet. 21-22. Moreover, this speculation was part and parcel of the district court's erroneous decision to give "little weight" to party witness convenience. Appx16; *see* Pet. 21-24; Appx18-19 (reasoning that Apple's California witnesses would not be inconvenienced simply because Apple has a campus in Austin).

The panel acknowledged that the district court's overall approach was legally erroneous. Order at 3. Indeed, when this same district court has improperly minimized witness convenience with categorical dismissals of undisputedly relevant witnesses, this Court has deemed the error a clear abuse of discretion warranting mandamus relief. *See, e.g.*, *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021) (district court "erroneously discounted the convenience of third-party witnesses by presuming that 'only a few … non-party witnesses will likely testify'"); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021) (granting mandamus based in part on district court's "categorical rejection of Hulu's witnesses … without any case-specific analysis"); *In re Uber Techs., Inc.*, 852 F. App'x 542, 543 (Fed.

Cir. 2021) (district court "erroneously diminished the relative convenience of the Northern District of California by … simply presuming that few, if any, party and non-party identified witnesses will likely testify at trial"); *see also In re DISH Network L.L.C.*, No. 2021-148, 2021 WL 3574047, at *1 (Fed. Cir. Aug. 13, 2021) (district court erred legally in "diminish[ing] the convenience of witnesses in the transferee venue because of their party status" and "presuming they were unlikely to testify").

Had the panel correctly understood that the district court was discounting Apple's identified witnesses in the transferee venue based on this same unlawful reasoning, and not based on any judgment that they were unlikely to have relevant testimony, it likely would have concluded that this clear abuse of discretion warranted mandamus relief. Without that improper discounting, a strong majority of potential willing witnesses are in the transferee venue, and this factor should have favored transfer. *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020) (when the "most relevant party witnesses are located in NDCA," witness-convenience factor favors transfer).

Second, the panel appears to have misapprehended the district court's treatment of the local-interest factor, which the district court also weighed against transfer.  Appx27-28.  The panel stated that the district court found "connections between the Western District of Texas and events that gave rise to this suit."  Order at 3.  But the district court did not make that finding.  Instead, as Apple explained, the district court relied solely on each party's general activities in Texas, unrelated to the issues in this case, in assessing local interest.  Pet. 29-32.  Koss did not dispute this; it instead repeated the error by relying on the mere fact that Koss and Apple both sell products in the Western District of Texas (as they do throughout the nation).  Opp. 17-18; Reply 7-9.  The district court did not identify any link between the parties' general Texas presence and this litigation, in contrast to the case-specific local interests that exist in Northern California.  Nor did Koss.  Had the panel correctly apprehended the district court's analysis of this factor, it likely would have agreed with Apple that the district court "misapplied the law" in finding that both potential forums "have a significant interest in this case." *Apple*, 979 F.3d at 1344-45 (granting mandamus in part on this basis); *see also In re Acer Am. Corp.*, 626 F.3d

1252, 1256 (Fed. Cir. 2010) (granting mandamus because "the sale of an accused product offered nationwide" does not create a local interest in "any single venue").

Third, the panel appears to have overlooked the status of the other lawsuits filed by Koss. The district court weighed the "practical problems" factor slightly against transfer due to "co-pending proceedings that involve a majority of the same patents asserted against Apple." Appx23. The panel approved of the district court's reasoning, citing "co-pending lawsuits concerning the same patents in the same judicial division." Order at 3. But there are no such "co-pending lawsuits" in the Western District of Texas. As Apple explained, one of those lawsuits had already been dismissed and refiled in another district before Apple's transfer motion was denied. Pet. 39-40. Also by that time, two other defendants had shown that venue was improper in the Western District of Texas; the district court ultimately agreed and dismissed both proceedings. *See* Pet. 39; Dkt. 19. And, shortly after Apple filed its mandamus petition, the district court transferred the remaining proceeding to the Northern District of California. *See* Reply

16.  As Apple explained to the panel, this case is the *only* one of Koss's suits pending in the Western District of Texas.  Dkt. 19 at 1.

Had the panel appreciated these circumstances, it likely would not have upheld the district court's reliance on the co-pending litigation as a basis to deny transfer.  Not only were the lawsuits pending in multiple forums by the time the district court denied Apple's transfer motion, but it was clear by then that others did not belong in Texas, either.

Independently and cumulatively, these three district court errors—categorically dismissing relevant witnesses, citing general interests as local ones, and citing "co-pending" cases that are not going forward in the venue—amounted to clear abuses of discretion which significantly deviate from this Court's precedent.  And each weighed heavily in the district court's decision to deny transfer.  Thus the points misapprehended by the panel undoubtedly affected the outcome of this case, and rehearing is warranted.

## II.  The Court Should Rehear the Case En Banc Because the Panel's Decision Deepens a Divide in This Court's Approach to Mandamus.

If the panel declines to reconsider its ruling in view of the misapprehensions discussed above, then this Court should grant rehearing en banc to address a deepening divide in its case law regarding mandamus petitions in § 1404(a) transfer cases.

The panel's order is the latest suggestion by this Court that mandamus is unavailable so long as a district court ruling on a § 1404(a) transfer motion has considered the relevant factors.  In other cases, however, this Court has not held petitioners to such a high bar and has readily granted mandamus where the district court recited and applied the § 1404(a) factors but nonetheless patently erred in analyzing them.  *Infra* Part II.A.  The difference in these two approaches is not merely linguistic.  It is outcome-determinative.  The panel's ruling here left in place a multitude of clear legal errors in the district court's § 1404(a) analysis that other panels of this Court have repeatedly recognized as clear abuses of discretion warranting mandamus relief.  *Infra* Part II.B.

14

**A.**     The panel started its analysis with the proposition that "[t]he district court considered the convenience factors and explained its reasoning at length."  Order at 2.  Other panels of this Court have occasionally used similar formulations, suggesting that no clear abuse of discretion can occur—and mandamus must be denied—so long as a district court goes through the motions of applying the relevant private- and public-interest factors.  *See, e.g.*, *In re Google LLC*, 855 F. App'x 767, 768 (Fed. Cir. 2021) (acknowledging legal errors in district court's § 1404(a) analysis, but denying mandamus); *In re W. Digital Techs., Inc.*, 847 F. App'x 925, 926-27 (Fed. Cir. 2021) (acknowledging errors in district court's analysis but denying mandamus); *In re Cinemark Holdings, Inc.*, 839 F. App'x 476, 479 (Fed. Cir. 2020) (denying mandamus because district court "considered all the relevant factors"); *In re Apple Inc.*, 818 F. App'x 1001, 1003 (Fed. Cir. 2020) (denying mandamus because district court considered factors, though the court "question[ed] the propriety" of district court's analysis).

But in numerous other cases, this Court has granted mandamus because the district court, though it considered all the relevant § 1404(a) factors, committed clear errors in analyzing those factors.

*See, e.g.*, *Hulu*, 2021 WL 3278194, at *3 (granting mandamus because district court "erred in its analysis for each factor that it found weighed against transfer"); *Samsung*, 2 F.4th at 1379-81 (granting mandamus because district court "assigned too little weight" to witness convenience, "overstated the concern" about judicial economy, and erred in "weighing [] the local interest factor as neutral"); *In re Adobe Inc.*, 823 F. App'x 929, 931 (Fed. Cir. 2020) (granting mandamus because district court made "several errors" including "fail[ing] to accord proper weight" to witness-convenience factor); *Apple*, 979 F.3d at 1342, 1344 (granting mandamus because district court "misapplied the law to the facts").

These recent decisions granting mandamus are not isolated departures from the norm. *See*, *e.g.*, *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009) (granting mandamus where district court "applied too strict of a standard to allow transfer" and "misapplied the [§ 1404(a)] factors"); *see also In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 561-62 (Fed. Cir. 2011); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320-22 (Fed. Cir. 2008).

This latter set of cases also accords with the governing Fifth Circuit standard, which recognizes that a clear abuse of discretion occurs not only when the district court applies an incorrect standard overall but also when it errs in applying that standard. The Fifth Circuit has granted mandamus when the district court, in denying transfer, "gave undue weight to the plaintiff's choice of venue, ignored our precedents, misapplied the law, and misapprehended the relevant facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (en banc); *see also In re Radmax, Ltd.*, 720 F.3d 285, 288-90 (5th Cir. 2013) (granting mandamus when district court gave improper weight to two factors and erred in applying two others).

**B.** The panel's choice to depart from the Fifth Circuit's standard and apply a lower level of scrutiny led it to ignore clear errors that other panels of this Court have treated as proper bases for mandamus. As explained above, for example, the district court here categorically discounted Apple's ten employee witnesses in the Northern District of California (and the three in Southern California), sweeping them away as part of its view that party witnesses receive little weight. The panel acknowledged this error but thought it

insufficient to warrant mandamus relief; other panels of this Court have held otherwise when the district court has used the same categorical reasoning.  *See supra* 9-10.

Other errors in the district court's order, which the panel did not expressly acknowledge, similarly have been the basis for mandamus grants.  Here, as in other cases, the district court ignored this Court's repeated admonishment that the Fifth Circuit's 100-mile rule does not permit the district court to rely on witnesses who are outside either forum and will have to travel regardless of where the trial is held.  The district court weighed against transfer the fact that two witnesses lived closer to Waco than to Northern California, though well outside either forum.  *See* Pet. 24.  The panel did not discuss this error but apparently deemed it insufficient to entitle Apple to the "extraordinary relief" of mandamus.  Order at 3.  But in a series of other cases, this Court has deemed the same error worthy of mandamus:

- ***In re TracFone Wireless, Inc.*, 852 F. App'x 537, 540 (Fed. Cir. 2021):** The district court weighed against transfer two non-party witnesses residing outside either potential forum, and this Court granted mandamus in part because any inconvenience to third-party witnesses does not "outweigh[] the convenience of having several party witnesses be able to testify at trial without having to leave home."

18

- ***Apple*, 979 F.3d at 1342:** The district court treated it as significant that two non-party witnesses resided closer to Texas than California, though outside either potential forum. This Court granted mandamus in part because of this "misapplication of the law."

- ***In re HP, Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020):** The district court weighed against transfer a witness residing outside either potential forum, and this Court granted mandamus in part because "the comparison between the transferor and transferee forums is not altered by the presence of other witnesses ... in places outside both forums."

- ***In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014):** The district court weighed against transfer several witnesses residing outside either potential forum. In granting mandamus, this Court explained that "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."

Likewise, here, as in other cases, the district court "strongly weigh[ed]" the compulsory process factor "against transfer" because Apple failed to prove that its third-party witnesses in California were unwilling to travel to Texas. Appx10-13; Pet. 20-21, 24-25. And it made the additional error of applying the *opposite* presumption to the plaintiff's non-party witnesses residing in Texas. Appx13; Pet. 26. Here too, the panel's order did not so much as acknowledge Apple's showing on this error. But in other cases, this Court has invoked its

mandamus authority to correct the district court's error in placing this same improper burden on the movant:

- ***Hulu*, 2021 WL 3278194, at \*3-\*4:** The district court weighed the compulsory-process factor against transfer by "discounting Hulu's proposed prior art witnesses and by faulting Hulu for 'not showing that any potential witness is unwilling to testify.'" This Court granted mandamus in part on this basis, explaining that "this factor favors transfer even without a showing of unwillingness for each witness." *Id.*

- ***In re HP, Inc.*, No. 2018-149, 2018 WL 4692486, at \*3 n.1 (Fed. Cir. Sept. 25, 2018):** The district court treated the compulsory-process factor as neutral because the movant did not show that any identified non-party witnesses were unwilling to travel. This Court granted mandamus in part because, when there is "no indication that a non-party witness is willing," then that "witness is presumed to be unwilling," and it is an abuse of discretion to ignore that witness in the analysis.

Furthermore, in perhaps its most stark violation of precedent, the district court once again relied on its own purported ability to set a trial date to hold that the transferee venue was more congested and therefore that this factor weighed against transfer. Appx24-26; Pet. 32-35. The panel apparently did not consider this error worthy of mandamus. *See* Order at 3. But three times in the last year alone, this Court has granted mandamus based in part on the exact same error by the exact same district court:

- ***Samsung*, 2 F.4th at 1380:** The district court relied on its standing order to determine that it could likely hold a trial sooner than the Northern District of California, and it weighed that fact against transfer.  This Court, in granting mandamus, deemed it an abuse of discretion to rely on a district's own "prospective speed," as this "ha[s] no bearing on whether the [transferee forum] has a more congested docket."

- ***Apple*, 979 F.3d at 1344-45:** The district court weighed against transfer the fact that it had set a trial date earlier than the likely date if the case were transferred.  This Court granted mandamus in part because the district court "reli[ed] too heavily on the scheduled trial date"—"a district court cannot merely set an aggressive trial date and subsequently conclude, on that basis alone, that other forums that historically do not resolve cases at such an aggressive pace are more congested for venue transfer purposes."

- ***Adobe*, 823 F. App'x at 932:** The district court weighed this factor against transfer based on its own standing order setting a quick trial date.  This Court granted mandamus in part because "[n]othing about the court's general ability to set a schedule directly speaks to" court congestion, especially when there is no "appreciable difference in docket congestion between the forums."

It is crucial for litigants and district courts to have a clear understanding of the standards governing § 1404(a) transfer and this Court's mandamus review.  When panels of this Court reach different results in very similar circumstances—as happened here—it undermines predictability and increases costs on litigants attempting to

determine how to proceed, both at the district court and before this Court. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1149 (Fed. Cir. 2011) ("Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike." (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). If the panel does not correct its deviations from precedent, the en banc Court should grant rehearing to provide a uniform view of how this Court will judge mandamus petitions in § 1404(a) transfer cases.

## CONCLUSION

The Court should grant rehearing, either for the panel to reconsider the points it overlooked or misapprehended, or for the en banc Court to bring its transfer mandamus precedent into alignment.

Respectfully submitted,

/s/ Melanie L. Bostwick

Michael T. Pieja
GOLDMAN ISMAIL TOMASELLI
   BRENNAN & BAUM LLP
200 South Wacker Drive
22nd Floor
Chicago, IL 60606

Melanie L. Bostwick
Monica Haymond
ORRICK, HERRINGTON &
   SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400

*Counsel for Petitioner*

# ADDENDUM

*Order in In re Apple Inc.*, No. 20-147 (Fed. Cir. August 4, 2021)

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————————

**IN RE: APPLE INC.,**
*Petitioner*

———————————————

2021-147

———————————————

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00665-ADA, Judge Alan D. Albright.

———————————————

**ON PETITION**

———————————————

Before REYNA, CHEN, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Koss Corporation filed the underlying patent infringement suit against Apple Inc. in the United States District Court for the Western District of Texas. Apple maintains its principal place of business in Cupertino, California, but also has a large corporate campus in Austin, Texas. Apple moved pursuant to 28 U.S.C. § 1404(a) to transfer the infringement action to the United States District Court for the Northern District of California. The district court denied the motion. Apple filed this petition seeking a writ of mandamus directing transfer.

The legal standard for mandamus relief is demanding. A petitioner must establish, among other things, that the right to mandamus relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted). Under applicable Fifth Circuit law, district courts have "broad discretion in deciding whether to order a transfer." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citation and internal quotation marks omitted). "[I]n no case will we replace a district court's exercise of discretion with our own; we review only for clear abuses of discretion that produce patently erroneous results." *Id.* at 312. Accordingly, where a decision applies transfer rules, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Id.* at 312 n.7 (citation and internal quotation marks omitted). Apple has not satisfied that exacting standard here.

The district court considered the convenience factors and explained its reasoning at length. It noted that two non-party potential witnesses reside in the Western District of Texas who were unwilling to travel to California to testify,* Appx13, that Apple appeared to rely on a number of employee witnesses within the transferee venue that were not likely to be called at trial as well as employee witnesses residing hundreds of miles outside of the transferee venue, Appx17–18, and that one of the inventors was

---

* Although the district court suggested that it was unlikely that one of these witnesses would end up testifying at trial, it did not rule out that he has material information relevant to this case, and Koss stated that he "has already been an integral part of the litigation process, and his involvement has only become more critical as the parties delve into fact discovery post-*Markman*." Resp. at 13 n.2.

willing to travel from California to Texas to testify,
Appx21. The district court further found that judicial-
economy considerations weighed against transfer because
of co-pending lawsuits concerning the same patents in the
same judicial division, Appx22–24, and that there were
connections between the Western District of Texas and
events that gave rise to this suit, Appx27. To be sure, the
district court's analysis was not free of error. Among other
things, it improperly diminished the importance of the con-
venience of witnesses merely because they were employees
of the parties. Even under these circumstances, we cannot
say that Apple has shown entitlement to this extraordinary
relief.

    Accordingly,

    IT IS ORDERED THAT:

    The petition is denied.

                         FOR THE COURT

| August 04, 2021 | /s/ Peter R. Marksteiner |
| :---: | :--- |
| Date | Peter R. Marksteiner |
| | Clerk of Court |

s28

## CERTIFICATE OF COMPLIANCE

The petition complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) because this petition contains 3,897 words, excluding the parts of the petition exempted by Fed. Cir. R. 32(b)(2).

This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the
Clerk of the Court for the United States Court of Appeals for the
Federal Circuit by using the appellate CM/ECF system on September 3,
2021.

I certify that all counsel of record in the case are registered
CM/ECF users and that service will be accomplished by the appellate
CM/ECF system.

A copy of the foregoing was served upon the district court judge
via FedEx:

> Hon. Alan D Albright
> United States District Court for the Western District of Texas
> 800 Franklin Avenue, Room 301
> Waco, Texas 76701
> Telephone: (254) 750-1510

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Melanie L. Bostwick*
Melanie L. Bostwick
*Counsel for Petitioner*