No. 21-147

# United States Court of Appeals
# for the Federal Circuit

———— ◆ ————

IN RE APPLE INC.,

*Petitioner,*

*On Petition for a Writ of Mandamus to the*
*United States District Court for the Western District of Texas*
*No. 6:20-CV-00665-ADA*
*Judge Alan D. Albright*

**CORRECTED MOTION OF ACT | THE APP ASSOCIATION AND COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION AS *AMICI CURIAE* FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF APPLE INC.'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

Brian Scarpelli
ACT | The App Association
1401 K St NW (Ste 501)
Washington, DC 20004
bscarpelli@actonline.org
(517) 507-1446

Counsel for *Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a) and Federal Circuit Rule 29(c), Amicus Curiae ACT | The App Association and the Computer & Communications Industry Association respectfully moves for leave to file the accompanying amicus curiae brief in support of Petitioner Apple Inc.'s combined Petition for Panel Rehearing and Rehearing En Banc. Apple has consented to this motion, while Koss Corp. has refused to consent as of the filing of this motion.

## STATEMENT OF INTEREST

ACT | The App Association ("App Association") is an international not-for-profit grassroots advocacy and education organization representing more than 5,000 small business software application developers and technology firms that create the apps used on mobile devices and in enterprise systems around the globe. Today, the App Association represents an ecosystem valued at approximately $1.7 trillion and responsible for 5.9 million American jobs. App Association members lead in developing innovative applications and products across consumer and enterprise use cases.

The Computer & Communications Industry Association ("CCIA") is an international nonprofit association representing a broad cross

section of communications and technology firms. For nearly fifty years, CCIA has promoted open markets, open systems, and open networks. CCIA members[1] employ more than 1.6 million workers, invest more than $100 billion in research and development, and contribute trillions of dollars in productivity to the global economy. CCIA regularly files *amicus* briefs in this and other courts to promote balanced patent policies.

Choice of forum plays a critical role in the outcome of patent litigation. Likewise, forum has an important influence over the number and quality of patent cases filed. Limiting transfer out of the Western District has directly contributed to a marked rise in the amount of abusive patent litigation against innovators of all sizes. Non-practicing entities have flocked to the Western District, with confidence that cases that might fail in other jurisdictions will stay in the Western District and progress more quickly to settlement. *Amici* and their members are concerned by Judge Albright's unwillingness to transfer cases even

---

[1] CCIA's members are listed at https://www.ccianet.org/members. Petitioner Apple is a member of CCIA, but took no part in the preparation of this brief.

2

when the transferee forum is clearly more convenient and has a more significant relationship to the patent-in-suit.

Amici can offer the Court a valuable perspective on the patent venue transfer issues before the court in this case. Amici have long been concerned with "forum selling" – efforts by district courts to attract patent litigants who can file in essentially any district in the United States – that encourage "forum shopping" by patent litigants in districts where our members have minimal or no presence. This case (and many others) demonstrate that the Western District of Texas is emerging as an attractive venue for aggressive forum shoppers. Amici offer its unique perspectives on how the matter at hand impacts our resource-constrained small business members that rely on a fair process for evaluating requests for venue transfers.

## CONCLUSION

For the foregoing reasons, amicus respectfully requests that the Court grant this motion for leave to file the accompanying brief in support of Petitioner.

Respectfully submitted,
/s/ Brian Scarpelli
Brian Scarpelli

ACT | THE APP ASSOCIATION
1401 K St NW
Suite 501
Washington, D.C. 20005
(202) 331-2130
bscarpelli@actonline.org

*Counsel for Amici Curiae*
ACT | THE APP ASSOCIATION

# CERTIFICATE OF INTEREST

I certify that the following information is accurate and complete to the best of my knowledge.

Dated: September 23, 2021          */s/ Brian Scarpelli*

Brian Scarpelli

| 1. Represented Entities | 2. Real Parties in Interest | 3. Parent Corporations and Stockholders |
|---|---|---|
| Computer & Communications Industry Association | Same | None |
| ACT \| The App Association | Same | None |

| 4. Legal Representatives |
|---|
| None |

**5. Related Cases**

None

**6. Organizational Victims and Bankruptcy Cases**

Not Applicable

# CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). The motion is printed in Century Schoolbook 14-point font, and it contains 511 words, excluding the items listed in Federal Circuit Rule 27(d).

ACT | THE APP ASSOCIATION

/s/_____

Brian Scarpelli
ACT | THE APP ASSOCIATION
*Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on September 23, 2021.

I certify that all counsel of record in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

ACT | THE APP ASSOCIATION

/s/
_____
Brian Scarpelli
ACT | THE APP ASSOCIATION
*Counsel for Amici Curiae*

No. 21-147

# United States Court of Appeals for the Federal Circuit

IN RE APPLE INC.,

*Petitioner,*

*On Petition for a Writ of Mandamus to the United States District Court for the Western District of Texas No. 6:20-CV-00665-ADA Judge Alan D. Albright*

**CORRECTED BRIEF OF ACT | THE APP ASSOCIATION AND COMPUTER & COMMUNICATIONS INDUSTRY ASSOCIATION AS *AMICI CURIAE* IN SUPPORT OF APPLE INC.'S COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC**

Brian Scarpelli
ACT | The App Association
1401 K St NW (Ste 501)
Washington, DC 20004
bscarpelli@actonline.org
(517) 507-1446

Counsel for *Amici Curiae*

# CERTIFICATE OF INTEREST

I certify that the following information is accurate and complete to the best of my knowledge.

Dated: September 23, 2021          */s/ Brian Scarpelli*

Brian Scarpelli

| 1. Represented Entities | 2. Real Parties in Interest | 3. Parent Corporations and Stockholders |
|---|---|---|
| Computer & Communications Industry Association | Same | None |
| ACT \| The App Association | Same | None |

| 4. Legal Representatives |
|---|
| None |

| **5. Related Cases** |
| :--- |
| None |

<br>

| **6. Organizational Victims and Bankruptcy Cases** |
| :--- |
| Not Applicable |

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF AUTHORITIES ...................................................................iv

STATEMENT OF INTEREST ................................................................ 1

INTRODUCTION ..................................................................................... 4

ARGUMENT ............................................................................................. 9

I.    Failure to Grant Mandamus Would Harm the Patent
System and Burden Defendants Generally, Reducing
Investment in Product Development ...................................... 9

       A.    Increased patent litigation reduces productive
economic activity by operating companies. ................. 10

       B.    This Court's Panel should rehear the case and
grant mandamus. ......................................................... 11

II.    The Court Should Rehear the Case *En Banc* to Resolve
Inconsistencies in This Court's Disparate Approach to
Granting Mandamus Hearings that Undermine the
Patent System ...................................................................... 12

CONCLUSION ....................................................................................... 16

iii

# TABLE OF AUTHORITIES

## CASES

*Adobe Inc.*, *In re,*
  823 F. App'x 929 (Fed. Cir. 2020) ...................................................... 15

*Apple Inc.*, *In re*, (*Apple II*)
  979 F.3d 1332 (Fed. Cir. 2020) ............................................................. 4

*DISH Network, LLC*, *In re*
  No. 2021-148 (Fed. Cir. Aug. 13, 2021) ............................................ 12

*eBay Inc. v. MercExchange, L.L.C.,*
  547 U.S. 388 (2006) ................................................................................ 6

*Google LLC v. Oracle America, Inc.,*
  No. 18-956 at *34 (U.S. Apr. 5, 2021) ................................................ 11

*Google LLC*, *In re,*
  914 F.3d 1377 (Fed. Cir. 2019) ............................................................. 7

*HP Inc.*, *In re*
  No. 2018-149 (Fed. Cir. Sep. 25, 2018) ............................................. 15

*HP Inc.*, *In re*, 826 F. App'x 899, 902 (Fed. Cir. 2020) ............................ 14

*Hulu, LLC*, *In re* No. 2021-142,
  2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ...................... 6, 12, 15

*Intel Corporation*, *In re,*
  No. 2021-105 (Dec. 23, 2020) ............................................................... 5

*Nitro Fluids LLC*, *In re,*
  978 F.3d 1308 (2020) ............................................................................ 5

*Order Denying Defendant's Motion to Transfer,*
  *Koss Corp. v. Apple Inc.*, Case No. 6:20-CV-00665-ADA,
  Dkt. No. 76 (W.D. Tex. Apr. 22, 2021) ......................................... 12, 13

*Samsung Elecs. Co Ltd.*, *In re*
  2 F.4th 1371(Fed. Cir. June 30, 2021) ................................... 6, 11, 15

*SK hynix Inc.*, *In re*
    No. 2021-113 (Feb. 1, 2021) .................................................................. 5

*Toyota Motor Corp.*, *In re* 747 F.3d 1338, 1340 (Fed. Cir. 2014) ............ 14

*Tracfone Wireless, Inc.*, *In re (Tracfone I)*
    No. 2021-118 (Fed. Cir. Mar. 8, 2021) .................................................. 5

*Tracfone Wireless, Inc.*, *In re (Tracfone II)*
    No. 2021-136 (Apr. 20, 2021) ........................................................... 5, 7

*TracFone Wireless, Inc.*, *In re* 852 F. App'x 537, 540 (Fed. Cir. 2021) ... 14

*Uber Techs., Inc.*, *In re*
    No. 2021-150 (Fed. Cir. July 8, 2021) ........................................... 6, 12

*Volkswagen of Amer. Inc.*, *In re*
    545 F.3d 304 (5th Cir. 2008) ............................................................ 13

**STATUTES**
28 U.S.C. § 1404(a) ............................................................. 3, 8, 9, 12, 14

**OTHER AUTHORITIES**
Colleen Chien, *Of Trolls, Davids, Goliaths, and Kings: Narratives*
    *and Evidence in the Litigation of High-Tech Patents*,
    87 N.C. L. Rev. 1571, 1587-88 (2009) ................................................ 10

Colleen Chien, *Startups and Patent Trolls*,
    17 Stan. Tech. L. Rev. 461 (2014) ...................................................... 10

Fed. R. App. P. 29(a)(2).…………………………………………………..3

Fed. R. App. P. 29(a)(4)(e).…………………………………………………..3

Jonas Anderson & Paul R. Gugliuzza, *Federal Judge Seeks Patent*
    *Cases*,
    71 Duke L.J. (forthcoming 2021) ......................................................... 4

Paul R. Gugliuzza, *The New Federal Circuit Mandamus*,
45 Ind. L. Rev. 343, 350 (2012) ............................................................7

*Radmax, Ltd.*, *In re,* 720 F.3d 285, 288-90 (5th Cir. 2013)..................13

Robin Feldman, *Patent Demands & Startup Companies: The View
from the Venture Capital Community*,
16 Yale J.L. & Tech. 236, 243 (2014)................................................10

## CONSTITUTIONAL PROVISIONS
U.S. Const. Art. I, § 8, cl. 8....................................................................11

**STATEMENT OF INTEREST**

ACT | The App Association ("App Association") is an international not-for-profit grassroots advocacy and education organization representing more than 5,000 small business software application developers and technology firms that create the apps used on mobile devices and in enterprise systems around the globe. Today, the App Association represents an ecosystem valued at approximately $1.7 trillion and responsible for 5.9 million American jobs. App Association members lead in developing innovative applications and products across consumer and enterprise use cases.

The Computer & Communications Industry Association ("CCIA") is an international nonprofit association representing a broad cross section of communications and technology firms. For nearly fifty years, CCIA has promoted open markets, open systems, and open networks. CCIA members[1] employ more than 1.6 million workers, invest more

---

[1] CCIA's members are listed at https://www.ccianet.org/members. Petitioner Apple is a member of CCIA, but took no part in the preparation of this brief.

1

than $100 billion in research and development, and contribute trillions of dollars in productivity to the global economy.

Choice of forum plays a critical role in the outcome of patent litigation and has an important influence over the number and quality of patent cases filed. Limiting transfer out of the Western District has directly contributed to a rise in abusive patent litigation against innovators of all sizes. Non-practicing entities have flocked to the Western District, with confidence that cases that might fail in other jurisdictions will stay in the Western District and progress more quickly to settlement. *Amici* and their members are concerned by Judge Albright's unwillingness to transfer cases even when the transferee forum is clearly more convenient and has a more significant relationship to the patent-in-suit.

Despite the error of Judge Albright in denying a transfer in this case, emblematic of Judge Albright's consistent refusal to properly apply transfer caselaw, a panel of this Court denied mandamus. *Amici* fully support the Petitioner's request for this Court to reconsider its denial of mandamus. Should this Court still deny mandamus, *amici* support Petitioner's request for a rehearing by the *en banc* Court to

clarify the standard of review for § 1404(a) transfer mandamus petitions considering the disparate approaches to such petitions by panels of this Court.

Petitioner (Apple, Inc.) consents to the filing of this brief, while Respondent (Koss Corp.) opposes its filing. Fed. R. App. P. 29(a)(2). Pursuant to Fed. R. App. P. 29(a)(4)(e), no counsel for a party to the case underlying the pending petition for writ of mandamus authored this brief in whole or in part, and no party or party's counsel made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amici* or their counsel made a monetary contribution to fund the preparation or submission of this brief.

## INTRODUCTION

Choice of forum plays a critical role in the outcome of patent litigation. The Waco Division of the Western District of Texas is the new forum of choice for patent plaintiffs. In the year 2020 alone, 793 new patent cases were filed in Waco, an increase of more than 39,500% over 2016 and 2017. Jonas Anderson & Paul R. Gugliuzza, *Federal Judge Seeks Patent Cases*, 71 Duke L.J. *27 (forthcoming 2021). And in 2016, only five patent cases were filed against small or medium-sized entities in the Western District. In 2020, there were 95, an increase of 1800%.

Limiting transfer is one of many tools used to attract litigation to the Waco Division, directly contributing to the substantial increase in patent litigation in the Western District.

This Court has been forced to issue a series of writs of mandamus to correct errors made by the sole judge hearing cases in Waco, Judge Albright. In nine instances since 2020, the Federal Circuit granted mandamus. *See In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) ("*Apple II*"); (granting mandamus because the district court err'd by ruling against transfer after determining the most relevant party witnesses were located in the transferee venue);

4

*In re Intel Corporation*, No. 2021-105 (Fed. Cir. Dec. 23, 2020) (granting mandamus because the district court err'd by exclusively relying on FRCP 77(b) and perceived docket management to transfer the trial, neither of which authorize the order);

*In re Nitro Fluids LLC*, 978 F.3d 1308 (Fed. Cir. 2020) (granting mandamus because the district court incorrectly applied the first-to-file rule by placing the burden in a motion to transfer on the moving party, contrary to law, and failed to consider the availability of multi-district procedure);

*In re SK hynix Inc.*, No. 2021-113 (Fed. Cir. Feb. 1, 2021) (ordering a stay in proceedings until a ruling is made on the motion to transfer based on the district court's "continued refusal to give priority to deciding transfer issues");

*In re Tracfone Wireless, Inc.*, No. 2021-118 (Fed. Cir. Mar. 8, 2021) ("*Tracfone I*") (granting mandamus because the district court err'd by refusing to prioritize transfer issues, causing "egregious delay and blatant disregard for precedent");

*In re Tracfone Wireless, Inc.*, No. 2021-136 (Fed. Cir. Apr. 20, 2021) ("*Tracfone II*") (granting mandamus because the district court

err'd by deeming an inconvenience to third-party witnesses as more significant than several party witnesses' ability to testify locally);

*In re Samsung et al.*, 2 F.4th 1371(Fed. Cir. June 30, 2021) (granting mandamus because the district court err'd by assuming that a nominal amount of non-party witnesses were likely to testify, thus insufficiently considering third- party witnesses' convenience);

*In re Uber Techs., Inc.*, No. 2021-150 (Fed. Cir. July 8, 2021) (granting mandamus because the district court err'd by assuming that a nominal amount of party and non-party witnesses, if any, were likely to testify at trial, thus lessening the relative convenience of the Northern District of California);

*In re Hulu, LLC*, No. 2021-142 (Fed. Cir. Aug. 2, 2021) (granting mandamus partially because the district court err'd by unequivocally precluding Hulu's witnesses without any case-specific analysis or review.)

This trend represents a mandamus rate over twice as high as when the Federal Circuit first began issuing mandamus orders to the "renegade district" of the Eastern District of Texas. Transcript of Oral Argument at 11, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388

(2006); *see also* Paul R. Gugliuzza, *The New Federal Circuit Mandamus*, 45 Ind. L. Rev. 343, 350 (2012). In one recent case, *Tracfone II*, this Court was forced to issue a second mandamus order in the same case because Judge Albright again failed to apply relevant precedent even when clearly instructed by a supervisory mandamus order.

In the present case, Judge Albright ignores relevant precedent that requires transfer, including ignoring prior mandamus orders. Further, Judge Albright has continued to ignore this Court's clear instruction to give transfer motions the highest priority.

The multitude of mandamus petitions regarding Judge Albright's transfer motion policy indicates the concern that "dozens of cases will proceed through motion practice, discovery, claim construction, or trial before potentially getting thrown out by a reversal of a ruling on a motion to dismiss for improper venue" is valid. *In re Google LLC*, 914 F.3d 1377, 1381 (Fed. Cir. 2019) (Reyna, J., dissenting).

*Amici* believe that a grant of mandamus is appropriate here, and urge this Court to reconsider its denial of the mandamus petition as requested by Petitioner. Should this Court still deny mandamus, amici support Petitioner's request  a rehearing by the *en banc* Court. *Amici*

7

believe this Court's clarification of the standard of review for § 1404(a)

transfer mandamus petitions is necessary due to disparate approaches

to such petitions by panels of this Court.

## ARGUMENT

Judge Albright continues to ignore relevant precedent and commit clear errors of analysis. And these errors always cut in one direction— against transfer. As a result of these errors, transfer from the Western District of Texas realistically remains generally unavailable. The result is an inconvenient court, where defendants face litigation unrelated to their presence in the forum. This Court should grant mandamus and order transfer to address this issue.

Amici agree that the case at hand represents a clear case for mandamus relief, which this Court should revisit and provide. Should this Court decline to provide mandamus relief, it should rehear the case *en banc* to provide a single approach to § 1404(a) mandamus relief.

## I.    Failure to Grant Mandamus Would Harm the Patent System and Burden Defendants Generally, Reducing Investment in Product Development

Limiting transfer out of inconvenient forums has a range of negative effects including harming the public perception of the patent system, aiding actual plaintiff-biased policies, significantly restricting access to the *inter partes* review (IPR) system, and reducing economic investment and innovation by productive firms such as high-tech, high-

9

growth startups. *Amici* agree that this Court should reconsider its denial of mandamus.

A.   *Increased patent litigation reduces productive economic activity by operating companies.*

Limiting transfer of cases from the Western District of Texas has increased overall patent litigation, not merely substituted litigation there for litigation elsewhere. In particular, litigation targeting productive firms has increased, while access to IPR has decreased. The high costs of patent litigation are especially difficult for startups and small companies to cover. *See* Colleen Chien, *Startups and Patent Trolls*, 17 Stan. Tech. L. Rev. 461, 472 (2014). Startups accused of infringement by NPEs report significant operational impacts—delayed hiring, changes in product, difficulty attracting customers and investors, and shutting down business lines or entire businesses. *Id.* at 461-62; Colleen Chien, *Of Trolls, Davids, Goliaths, and Kings: Narratives and Evidence in the Litigation of High-Tech Patents*, 87 N.C. L. Rev. 1571, 1587-88 (2009) (describing strategic use of patents to prey on smaller companies). A survey of venture capital funders found that 100% might refrain from investing in a startup because of a pending patent assertion demand against it. Robin Feldman, *Patent Demands &*

10

*Startup Companies: The View from the Venture Capital Community*, 16
Yale J.L. & Tech. 236, 243 (2014).

The net result of limiting transfer, supported by empirical evidence, is

that productive firms are likely to reduce their innovative activity and

employment, harming the overall progress of the useful arts. U.S.

Const. Art. I, § 8, cl. 8. Interpretations of intellectual property statutes

should consider the Constitutional purpose those statutes serve. *Cf.*

*Google LLC v. Oracle America, Inc.*, No. 18-956 at *34 (U.S. Apr. 5,

2021). Here, the evidence strongly suggests that a failure to allow

transfer in situations where the transferor forum has no significant

contacts with the alleged infringement would negatively impact

economic and scientific progress.

> B.          *This Court's Panel should rehear the case*
>             *and grant mandamus.*

*Amici* agree with Petitioner that this Court should reconsider its

denial of mandamus because the panel deemed Judge Albright's

methodology as legally incorrect here. Order at 3. In the past, this

Court has found abuse of discretion and granted mandamus relief when

this same district court has inappropriately decreased witness

convenience. See, e.g., *In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371,

1379 (Fed. Cir. 2021); *In re Hulu, LLC*, No. 2021-142, 2021 WL

3278194, at \*3 (Fed. Cir. Aug. 2, 2021); *In re Uber Techs., Inc.*, 852 F.

App'x 542, 543 (Fed. Cir. 2021); *see also In re DISH Network L.L.C.*, No.

2021-148, 2021 WL 3574047, at \*1 (Fed. Cir. Aug. 13, 2021).

Given the multitude of errors in the denial of transfer and clear

abuses of discretion, this case is exactly the type of case that justifies

supervisory operation of mandamus. This Court noted that the district

court's analysis had serious discrepancies and it should not force

Petitioner to go through a trial in an inappropriate venue.

## II.    The Court Should Rehear the Case *En Banc* to Resolve Inconsistencies in This Court's Disparate Approach to Granting Mandamus Hearings that Undermine the Patent System

*Amici* and *amici*'s members, who rely on a fair, diverse-

perspective review system to address clear legal errors, implore this

Court to provide a single standard of review for mandamus relief by

resolving significantly disparate approaches taken by different panels of

this Court. Specifically, an *en banc* rehearing should provide a clear

standard for analysis of the § 1404(a) factors to avoid district courts

committing analytical errors as seen in this case. Limiting transfer out

of inconvenient forums has a range of negative effects including

12

harming the public perception of the patent system, aiding actual plaintiff-biased policies, significantly restricting access to the *inter partes* review (IPR) system, and reducing economic investment and innovation by productive firms such as high-tech, high-growth startups.

Providing a uniform standard for granting mandamus hearings in an *en banc* rehearing would align this Court's judicial approach with the Fifth Circuit's standard, which correctly and consistently finds clear errors to be proper bases for mandamus. The Fifth Circuit has granted mandamus when the district court, in denying transfer, "gave undue weight to the plaintiff's choice of venue, ignored our precedents, misapplied the law, and misapprehended the relevant facts." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (*en banc*); see also *In re Radmax, Ltd.*, 720 F.3d 285, 288-90 (5th Cir. 2013) (granting mandamus when district court gave improper weight to two factors and erred in applying two others). As noted above, this Court's Panel has acknowledged error by the district court in failing to appropriately consider witnesses located in California, yet has failed to provide mandamus relief despite providing the same relief in similar circumstances arising from the same district court. *See supra* 23-24.

13

The inconsistent approaches contribute to uncertainty in the U.S. patent system and must be addressed by this Court once and for all.

Amici are equally concerned by the inconsistent approach taken by this Court in addressing other clear errors made by the district court that this Court's Panel did not acknowledge. For example:

- The district court discounted that the Fifth Circuit's 100-mile rule does not allow the district court to rely on witnesses who are outside either forum and will have to travel regardless of where the trial is held. Yet this Court has granted mandamus relief in exactly this circumstance numerous other times. *In re TracFone Wireless, Inc.*, 852 F. App'x 537, 540 (Fed. Cir. 2021); *Apple*, 979 F.3d at 1342; *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020); *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014).

- This Court's Panel refused to acknowledge that the district court erred in weighing the compulsory-process factor against transfer, applying the incorrect presumption to the Koss non-party witnesses residing in Texas. Yet this Court has provided mandamus relief to correct the same district

14

court in similar circumstances in previous cases. *See, e.g.,* *Hulu*, 2021 WL 3278194, at \*3-\*4; *In re HP, Inc.*, No. 2018-149, 2018 WL 4692486, at \*3 n.1 (Fed. Cir. Sept. 25, 2018).

- The Panel did not address that the district court has given significant weight to its ability to set a trial date. However, this Court has granted mandamus relief to correct the same district court's error in doing exactly this numerous times before. *See, e.g., Samsung*, 2 F.4th at 1380; *Apple*, 979 F.3d at 1344-45; *Adobe*, 823 F. App'x at 932.

Amici strongly encourage this Court to, should it decide to deny mandamus relief, rehear the case *en banc* to provide a uniform approach to mandamus petitions in § 1404(a) transfer cases. Without relief, the continued uncertainty will increasingly undermine the U.S. patent system.

**CONCLUSION**

This Court should grant rehearing, either for the panel to reconsider the points it overlooked or misapprehended, or for the *en banc* Court to bring its transfer mandamus precedent into alignment.

September 23, 2021                    Respectfully submitted,

                                     _____s/ Brian Scarpelli_____

                                     Brian Scarpelli
                                     ACT | The App Association
                                     1401 K St NW (Ste 501)
                                     Washington, DC 20004
                                     bscarpelli@actonline.org
                                     (517) 507-1446
                                     Counsel for *Amici Curiae*
                                     ACT | The App Association and
                                     Computer & Communications
                                     Industry Association

United States Court of Appeals
for the Federal Circuit
*In re Apple Inc., 21-147*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

This brief was printed using a 14-point Century Schoolbook font.

This brief complies with the type-volume limitation of Fed. Cir. R.

35(g)(3), as it contains 2,554 words according to Microsoft Word 2019,

the word processing system used to prepare this document. This

excludes the parts of the document exempted by Federal Rule of

Appellate Procedure 32(f) and Federal Circuit Rule 32(b)(2)..


September 23, 2021               /s/ Brian Scarpelli

                                Brian Scarpelli
                                Counsel for *Amici Curiae*
                                ACT | The App Association and
                                Computer & Communications
                                Industry Association

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2021, I caused the foregoing **Brief of ACT | The App Association and the Computer & Communications Industry Association as *Amici Curiae* in Support of Petitioner** to be electronically filed with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all counsel of record.

September 23, 2021                         /s/ Brian Scarpelli

                                          Brian Scarpelli
                                          Counsel for *Amici Curiae*
                                          ACT | The App Association and
                                          Computer & Communications
                                          Industry Association